MUNROE v. ATLANTA MACH. WORKS.

SAME v. R. D. COLE MFG. CO.

(Circuit Court, N. D. Georgia. May 12, 1909.)

EQUITY (§ 350*)—TIME FOR TAKING PROOFS—DISREGARD OF RULES.

Where a complainant took no action toward the taking of testimony until nearly six years after issue was joined by replication, and no application was made for enlargement of the time, as required by equity rule 69, leave to take testimony will not then be granted.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 733; Dec. Dig. § 350.*]

In Equity. Suit for infringement of letters patent Nos. 339,998 and 446,151. On application for leave to take testimony.

Geo. L. Bell and John H. Roney, for complainant.

John L. Hopkins, for defendant.

NEWMAN, District Judge. The bill in this case was filed on the 2d day of March, 1903. The answer was filed on the 29th day of July, 1903. The replication of complainant was filed on the 31st day of July, 1903. Nothing whatever was done in the case after this, so far as the record shows, until the 10th day of April, 1909, when an application was filed for leave to take testimony in support of the bill. Attached to the application for leave to take testimony is the affidavit of Robert Munroe, Jr., a son of the complainant, in support of the application. In this affidavit he says, after stating the pleadings up to the filing of the replication of July 31, 1903:

"Thereafter, and I am informed and believe that it was during the early part of November, 1903, certain stipulations were entered into between counsel in regard to the taking of proofs in this case, but I am not informed and do not know whether such stipulations were."

The affidavit then states that about the time this suit was commenced a large number of suits (more than twenty) for the infringement of these same letters patent were filed in other districts of the United States, and a large amount of testimony has been taken in these cases, and a great deal of time occupied. This I understand to be given as a reason why the motion to take testimony in this case has not been made earlier. The affiant states, further, that the complainant has never been requested by defendant herein to proceed with his testimony, but, on the other hand, complainant was informed that defendant would not insist on a strict compliance with the rule in regard to the taking of testimony.

No such stipulation as is mentioned in the affidavit appears in the record, and counsel for the defendant company, who has been in the case all the time, has stated in open court that no stipulation of any kind or agreement on the subject has ever been made. The case has simply been standing here, as the record shows, since the replication was filed on July 31, 1903, without further action of any kind. Equity rule 69 is as follows:

"Three months, and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the court, or a judge thereof, shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing," etc.

While a judge may enlarge the time for taking testimony, certainly during the three months, and perhaps after the three months, upon good cause shown, the application, after the three months has expired, should certainly be made within a reasonable time. Here nearly six years have elapsed, and no movement has been made on the part of the complainant to take testimony. I think the motion comes entirely too late, and should be denied; and it is so ordered.

The case of Robert Munroe v. R. D. Cole Manufacturing Company is like the above case, and a similar motion is made in it. In the response to the motion in the Cole Case, it is stated that the defendant would be put at great disadvantage now, because one of its witnesses is dead, and another is either dead or cannot be found. The motion in this case is also denied.